UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Julia Rielinger

    v.                                                              Case No. 25-cv-446-SE

Cleveland Chinatown Development LLC et al.

O R D E R

The plaintiff, Julia Rielinger, has filed a motion seeking a temporary restraining order (TRO) to prevent an eviction scheduled for today.[1] Doc. no. 2. Rielinger claims that the defendant violated federal and state law relating to caring for her property and during court proceedings seeking to evict her from the property.

According to the motion for a TRO and attached documents, the eviction proceeding occurred in municipal court in Cleveland, Ohio (Eviction Action). Doc. no. 2 at 7. The docket sheet that Rielinger attached to her motion shows the Eviction Action was filed on July 8, 2025, and contains an entry on today's date stating, "Commercial – Move Out Scheduled." Id. at 8. It further shows that Rielinger is represented by counsel in that action. Id. Thus, Rielinger's request for a TRO appears to ask this court to review a state-court judgment, which likely runs afoul of res judicata and abstention doctrines. See Peterson v. Fox, 488 F. Supp. 2d 14, 17 (D.N.H. 2007) (discussing the applicability of the Rooker-Feldman doctrine and Younger abstention principles); Merrick v. CitiMortgage, Inc., No. 12-CV-263-SM, 2013 WL 798234, at *2 (D.N.H. Mar. 5, 2013) (discussing res judicata principles).[2] Further, it is unclear whether this court has

---

[1] Although the plaintiff states in her motion that the eviction is scheduled for "this morning," she filed her motion at 2:25 p.m. The court assumes for the purpose of this order that the eviction has not yet occurred.

[2] Rielinger states in her motion that the Rooker-Feldman doctrine does not apply because she is not asking the court to overturn any rulings in the Eviction Action, but rather "to stop

jurisdiction to restrain on an emergency basis eviction proceedings concerning property in another state.

In addition, Federal Rule of Civil Procedure 65(b) requires a party seeking a TRO to assert specific facts, "in an affidavit or verified complaint" which "clearly show that immediate and irreparable injury, loss, or damage will result" before the defendants can be heard in opposition to his request," Fed. R. Civ P. 65(b)(1)(A), and to "certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required" in this matter, id. at 65(b)(1)(B). Rielinger has not satisfied either of these provisions.

Accordingly, Rielinger's motion for a TRO (doc. no. 2) is denied.

SO ORDERED.

_____
Samantha D. Elliott
Chief Judge

November 13, 2025

cc: Julia Rielinger, pro se

---

ongoing and imminent unconstitutional conduct—specifically, an eviction scheduled for this morning . . . ." Doc. no. 2 at 3. The plaintiff fails to show how her requested relief is not precluded by the Rooker-Feldman doctrine.